## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF JOHNSON**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 22-895-KSM** |
| **JOSH SHAPIRO, et al.,** | |
| Defendants. | |

## ORDER

**AND NOW**, this 31st day of March, 2022, upon consideration of Defendants' Harry B. Reese, Sarah E. Powers, Jill Manuel-Coughlin d/b/a Interloper, and Jolanta M. Pekalska d/b/a Jolanta M. Pekalska's Motion to Remand (Doc. No. 7), Plaintiff's Notice of Removal/Complaint (Doc. No. 1), and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9), it is **ORDERED** as follows:

1.  Defendants' Motion to Remand (Doc. No. 7) is **GRANTED**. This case is hereby **REMANDED** to the Philadelphia County Court of Common Pleas.[1]

---

[1] It is unclear whether Plaintiff intended to remove this action from state court or file a new, separate complaint in federal court. (*Compare* Doc. No. 1 at 1 (identifying the document as a "Notice of Removal"); and Doc. No. 7-3 (state court docket in *Wells Fargo N.A. v. Johnson*, listing the status of the case as "NOT OF REMOVAL TO US DIST CT"); and *id.* at 51 (state court docket's latest entry showing that the state court record was mailed/transmitted to the U.S. District Court), *with* Doc. No. 1 at 1 (identifying the document as a "Complaint Under Demurrer for Want of Equity"); *id.* at 1–3 (naming defendants who were not parties to the state court action"); *id.* at 10 ("WHEREAS, beneficiary avers for the record, that the above claim falls under a 'well pleaded complaint rule' (see FRCP 8)"); and Dkt. No. 22-895 (March 14, 2022 docket entry in federal action, showing that summons were issued).)

First, the Court construes the document as a notice of removal. Plaintiff's removal is untimely under 28 U.S.C. § 1446 and therefore the case must be remanded to state court. *See* § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

2. Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9) is **DENIED as moot**.

3. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED**.

**/s/KAREN SPENCER MARSTON**

_____

KAREN SPENCER MARSTON, J.

---

whichever period is shorter."). (*See* Doc. No. 7-3 at 5–6 & Doc. No. 7-4 at 1 (showing the complaint was filed in state court on April 9, 2010—almost 12 years ago).)

However, in the alternative, even if the Court were to construe this document as a complaint, the Court would dismiss the federal action for lack of subject matter jurisdiction because the ultimate goal is the same: Plaintiff asks us to review the state court's decision in the foreclosure action. This is improper because under the *Rooker-Feldman* doctrine a federal district court has no jurisdiction to review a final state court judgment. *See Cardillo v. Neary*, 756 F. App'x 150, 153 (3d Cir. 2018) (explaining that federal district courts are only "empowered to exercise original, not appellate, jurisdiction," and may not hear controversies "that are essentially appeals from state court judgments" (cleaned up)); *Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 159 (3d Cir. 2014) (The *Rooker-Feldman* doctrine "provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions."); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (explaining that the doctrine "strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments" (quotation marks omitted)); *Trustees of Gen. Assembly of the Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson*, 527 F. Supp. 3d 722, 748 (E.D. Pa. Mar. 19, 2021) ("[T]he Rooker-Feldman doctrine weeds out cases that impermissibly ask a federal district court to overturn a state-court judgment, by stripping federal district courts of subject matter jurisdiction in the following limited circumstances: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (cleaned up)).